# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DARRELL DEAN PROUTY, | Case No. 21-CV-2438 (PJS/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| NANCY JOHNSON, DHS-MSOP Director; JODI HARPSTEAD, DHS Commissioner; STEVE SAJDAK, Program Manager; JESSICA JOYAL; SUE SWANSON; JEREMY WUORI; DAVE BORCHARDT: KRISTI WAGNER; DAVID MILES; DANA OSBORNE; DEB K. BARRON; JULIE SAJDAK; KATIE MARVEL; TAMMY SHELTON, A.G.S.; REBECCA DEYOUNG, A.G.S.; and all others employed at 1111 Hwy #73, Moose Lake, MN 55767, | |
| Defendants. | |

Plaintiff Darrell Dean Prouty, a client of the Minnesota Sex Offender Program ("MSOP"), presents a hodgepodge of claims regarding the legality of conditions at MSOP. Prouty lacks standing to bring many of the claims, and the lone claim that Prouty has standing to bring has not been viably pleaded. Accordingly, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); 28

1

U.S.C. § 1915(e)(2)(B) (authorizing preservice dismissal of an action where an applicant for *in forma pauperis* status submits a complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted).

The claims presented by Prouty in the complaint can be grouped into roughly three categories. First, Prouty alleges that no one employed by MSOP has the necessary educational credentials to work at that facility. Second, Prouty alleges that MSOP officials have permitted other clients to engage in criminal behavior — specifically, the forgery of legal documents by one client, and the "viewing of naked children on TV" by another client. Compl. at 4 [ECF No. 1]. Third, Prouty alleges that MSOP officials have engaged in "fraudulent room searches" and thereby infringed upon his constitutional rights.

Prouty lacks standing to bring all of the first group of claims presented in the complaint and most of the second group of claims. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Standing consists of three elements: "[(1)] an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The plaintiff bears

the burden of establishing standing and must clearly allege facts demonstrating each element. *Id.* at 338.

Prouty does not adequately allege how MSOP employees not possessing medical degrees or doctorates, by itself, amounts to an "injury in fact" that is legally redressable; no specific, particularized harm is alleged to have befallen Prouty from this alleged lack of educational qualifications by MSOP employees. Nor has Prouty adequately alleged — with one exception, described below — how the unlawful behavior of other MSOP clients has resulted in a particularized harm *to him*. Prouty cannot bring claims in federal court merely on the grounds that he believes something to be wrong; he must plausibly allege that he, himself, has suffered an injury that is fairly traceable to the defendants named to the litigation. *See Spokeo*, 578 U.S. at 338. The complaint submitted by Prouty in this matter largely fails to do this.

Only in one respect does Prouty present a claim that he has standing to bring. According to Prouty, MSOP officials have engaged in "fraudulent room searches" in violation of his constitutional rights. Compl. at 4. Although the complaint is far from clear, it seems that Prouty believes these searches to have been initiated through the instigation of the MSOP client who is alleged to have forged fraudulent legal documents, with the implication that one of these phony documents resulted in the unlawful search for which Prouty now seeks redress. *See id*. at 3-4.

Although Prouty has standing to bring a claim pursuant to 42 U.S.C. § 1983 premised upon an unlawful search, the illegal-search claim actually pleaded by Prouty is woefully deficient.  To begin, the factual allegations in the complaint are entirely conclusory.  Prouty states that the search of his room conducted by MSOP officials is "fraudulent" without alleging facts that, if proved true, would establish the impropriety of the search.[1]  Compl. at 4.  Conclusory allegations in a pleading are not entitled to the ordinary presumption of truth.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Even if the factual allegations were not wholly conclusory, Prouty has not alleged which of the many MSOP officials named as defendants to this lawsuit are responsible for the allegedly unlawful search.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  The complaint does not establish the direct responsibility of any specific defendant, and thus Prouty cannot establish the liability of any specific defendant under § 1983 for the purportedly unlawful search.

This lawsuit will be dismissed without prejudice for those reasons.  *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).  Finally, a warning: Prouty has initiated thirteen

---

[1] The closest that Prouty comes to a non-conclusory factual allegation regarding the legality of the search is the suggestion that the search was conducted "[with]out Court order warrants."  Compl. at 5.  Even if true, however, the fact that MSOP officials lacked a warrant to conduct a search of Prouty's room would not establish that a constitutional violation had occurred.  *See, e.g., United States v. Senty-Haugen*, 17-CR-0182 (JNE/LIB), 2017 WL 6543824, at *5-8, 12-13 (D. Minn. Nov. 21, 2017), *adopting report and recommendation*, 2017 WL 6550674 (D. Minn. Dec. 21, 2017).

lawsuits in the District of Minnesota this year, and this action is one of five launched by Prouty in November 2021 alone. Several of these cases are duplicative, and many have already been dismissed prior to service (with a few of the most recent cases still awaiting preservice review). And this action is not the first among that group that could reasonably be deemed at least partly, if not wholly, frivolous. The right of access to the courts does not encompass the right to file duplicative, abusive, or frivolous litigation. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988). If Prouty persists with needlessly vexatious behavior, he will be restricted from filing new lawsuits in this District while unrepresented absent prior authorization of a judicial officer.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED WITHOUT PREJUDICE.

2. The application to proceed *in forma pauperis* of plaintiff Darrell Dean Prouty [ECF No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 10, 2021    s/Patrick J. Schiltz_____
                            Patrick J. Schiltz
                            United States District Judge